IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DELFINO RAMOS,

                Plaintiff,

v.

OSSEO FAMILY RESTAURANT, LLC and AHMED SHABANI,

                Defendants.

    and

GRINNELL MUTUAL REINSURANCE COMPANY,

                Intervenor-Defendant.

OPINION and ORDER

23-cv-575-jdp

---

       This is a case for failure to pay overtime wages in violation of both the Fair Labor Standards Act (FLSA) and Wisconsin law. Grinnell Mutual Reinsurance Company moves for summary judgment on its claim for declaratory relief that it does not have a duty to defend or indemnify defendant Osseo Family Restaurant on plaintiff Delfino Ramos's claims. Dkt. 18. No party opposed the motion, so the court will accept Grinnell's proposed findings of fact as true. *See* Attachments to Dkt. 17, "Motions for Summary Judgment," II.C; *Doe v. Cunningham*, 30 F.3d 879, 883 (7th Cir. 1994).

       Grinnell says in its proposed findings of fact that Osseo's policy provides coverage for "bodily injury," "property damage," "personal and advertising injury," and losses arising out of a "wrongful employment act" against an employee. Dkt. 23, at ¶¶ 8–20. Unpaid wages do not fall within the meaning of "bodily injury," "property damage," or "personal and advertising

injury." Even assuming that unpaid wages qualify as a "wrongful employment act," the policy has an exclusion for claims under the FLSA and state-law corollaries. *Id.*, ¶ 22.

The undisputed facts show that the policy Grinnell issued to Osseo does not provide coverage to Osseo for the actions alleged in this case, so Grinnell has no duty to defend or indemnify Osseo. The court will grant Grinnell's motion for summary judgment and dismiss Grinnell from the case.

In a letter filed with the court on the date its reply brief was due, Grinnell also asked the court to enter judgment in its favor. Dkt. 25. But the general rule is that a court may not enter judgment on fewer than all claims in the case. Fed. R. Civ. P. 54(b). If Grinnell believes that a partial judgment is appropriate, it may file a motion explaining why it is entitled to an exception to the general rule. *See Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.*, 518 F.3d 459, 463–64 (7th Cir. 2008) (summarizing standard for granting partial judgment). Otherwise, the court will enter judgment in Grinnell's favor at the conclusion of the case.

ORDER

IT IS ORDERED that intervenor-defendant Grinnell Mutual Reinsurance Company's motion for summary judgment, Dkt. 18, is GRANTED, and Grinnell is DISMISSED from the case.

Entered March 27, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge